**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**BANK OF AMERICA, N.A.,**

                **Plaintiff,**        **10 Civ. 4682 (JGK)**

        - against -             **MEMORANDUM OPINION**
                                               **AND ORDER**
**VERGEST LTD. AND THOMAS NUCCIO,**

                **Defendants.**
------------------------------------

**JOHN G. KOELTL, District Judge:**

     The plaintiff, Bank of America, N.A. ("Bank of America"), brings this action against defendants Vergest Ltd. ("Vergest") and Thomas Nuccio ("Nuccio"), the President of Vergest.  Bank of America alleges that it entered into a loan agreement with Vergest (the "Loan Agreement"), pursuant to which Vergest borrowed $550,000.00 on November 24, 2008.  According to Bank of America, Vergest agreed to make monthly payments of interest, and to repay the loan principal at maturity.  Bank of America alleges that, in order to induce Bank of America to enter the Loan Agreement, Nuccio executed a "Continuing and Unconditional Guaranty" of Vergest's obligations under the Loan Agreement (the "Guaranty Agreement"), pursuant to which he "unconditionally guarantee[d] and promise[d] to pay promptly" any amount owed by Vergest to Bank of America, "whether at stated maturity, upon acceleration or otherwise, and at all times thereafter."

According to Bank of America, Vergest defaulted under the terms of the Loan Agreement by failing to repay the principal amount of $550,000.00 on the maturity date of December 11, 2009. By letter dated April 1, 2010, counsel for Bank of America demanded that Vergest and Nuccio pay this principal amount, plus accrued interest, by April 12, 2010, in order to cure the default. According to Bank of America, Vergest and Nuccio did not pay these amounts.

Bank of America has moved for summary judgment on claims one and four of its Complaint, which allege breaches of contract by Vergest and Nuccio, respectively. The motion is unopposed.

I.

The standards for dealing with a summary judgment motion are well established. "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists . . . ." Rodriguez v. City of New York, 72 F.3d 1051, 1060-61 (2d Cir. 1995). In determining whether that burden has been met, the Court is required to resolve all ambiguities and credit all factual inferences that could be

2

Case 1:10-cv-04682-JGK   Document 21   Filed 01/11/11   Page 3 of 7

drawn in favor of the party against whom summary judgment is sought.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "It is not the province of the court itself to decide what inferences should be drawn . . .; if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper . . . ."  Howley v. Town of Stratford, 217 F.3d 141, 151 (2d Cir. 2000).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).  The district court may not grant an unopposed motion for summary judgment "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001).  "[I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement.  It must be satisfied that the citation to evidence in the record supports the assertion."  Vermont Teddy Bear, 373 F.3d at 244.

3

**II.**

To establish a claim for breach of contract under New York law, which governs the claim under the Loan Agreement, see Maniatis Aff. Exh. A ¶ 9.2, a plaintiff must show "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994) (internal citation omitted).

The record contains undisputed evidence of the following facts:  Vergest and Bank of America entered into a contract, the Loan Agreement.  Maniatis Decl. Exh. A.  Pursuant to the Loan Agreement, Bank of America loaned Vergest $550,000.00.  Maniatis Decl. ¶ 4 & Exh. D.  Vergest did not repay the principal amount of the loan, as required by the Loan Agreement.  Maniatis Decl. ¶¶ 13 & Exh. E.  In accordance with its rights under the Loan Agreement, on April 1, 2010, Bank of America demanded that Vergest repay the balance of the loan by April 12, 2010. Maniatis Decl. Exh. E.  Despite this written demand for payment, Vergest has not paid the amount due.  Maniatis Decl. ¶ 13.  As a result of this default, Bank of America has incurred damages in the amount of the principal, $550,000.00, plus interest of $23,730.22 as of November 15, 2010, and $72.57 per day thereafter.  Maniatis Decl. ¶¶ 14-15.

4

The evidence in the record thus establishes that there is no material issue of fact with respect to any of the elements of Bank of America's breach of contract claim against Vergest. Accordingly, Bank of America is entitled to summary judgment on this claim, and an award of $573,730.22, plus $72.57 per day for each day after November 15, 2010.

Bank of America is also entitled to recover its attorney's fees and costs in enforcing its rights under the Loan Agreement. Maniatis Decl. Exh. A ¶ 9.6.

### III.

To establish a claim for breach of a guaranty agreement under Connecticut law, which governs the claim under the Guaranty Agreement, see Maniatis Aff. Exh. C ¶ 23, a plaintiff must show "(1) [that] it is owed a debt from a third party; (2) that the defendant made a guaranty of payment of the debt; and (3) that the debt has not been paid by either the third party or defendant."  TD Banknorth, NA v. Norwich River, LLC, 2008 WL 5481510, at *2 (Conn. Super. Dec. 8, 2008); see also Community Economic Dev. Fund 1, LLC v. King, 2003 WL 22290989, at *1 (Conn. Super. Sept. 22, 2003).

As discussed above, the record establishes that Bank of America is owed a debt from Vergest, and that Vergest has not

5

paid the debt.  In addition, the record contains undisputed evidence that Nuccio executed and delivered to Bank of America the Guaranty Agreement, in which he "unconditionally guarantee[d] and promise[d] to pay promptly" to Bank of America "any and all Indebtedness of Vergest . . . when due, whether at stated maturity, upon acceleration or otherwise."  Maniatis Decl. Exh. C.  It also contains undisputed evidence that Bank of America demanded that Nuccio pay the outstanding balance on the loan that was made to Vergest, and that Nuccio did not make any payment.  Maniatis Decl. ¶ 13-15 & Exh. E.

The evidence in the record thus establishes that there is no material issue of fact with respect to any of the elements of Bank of America's breach of guaranty claim against Nuccio.  Accordingly, Bank of America is entitled to summary judgment on this claim, and an award of $573,730.22, plus $72.57 per day for each day after November 15, 2010.

Bank of America is also entitled to recover its attorney's fees and costs in enforcing its rights under the Guaranty Agreement.  Maniatis Decl. Exh. C ¶ 22.

## CONCLUSION

For the reasons discussed above, the plaintiff's motion for summary judgment as to claims one and four of the Complaint is

**granted**. The plaintiff should advise the Court as to its position with respect to the remaining claims by **January 14, 2011**. If the plaintiff chooses to dismiss the remaining claims, the plaintiff should submit a proposed judgment by **January 14, 2011**. The defendants may submit a counter-judgment by **January 18, 2011**. The plaintiff may submit an application for attorney's fees and costs after the judgment is entered. See Fed. R. Civ. P. 54(d). The Clerk is directed to close **Docket No. 13**.

SO ORDERED.

Dated: New York, New York
January 7, 2011

John G. Koeltl
United States District Judge